UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          :

IN RE MPOWER COMMUNICATIONS CORP.  :    Civil Action No. 00-CV-6463
SECURITIES LITIGATION                        :
                                          :
------------------------------------------------------------x

## SETTLEMENT DISTRIBUTION ORDER

WHEREAS, the above-captioned class action (the "Action") was settled (the "Settlement") pursuant to the terms and conditions of the Stipulation of Settlement, dated February 6, 2003 (the "Stipulation"), on behalf of (a) persons and entities who purchased Mpower Communications Corp. ("Mpower") securities during the period February 4, 2000 through and including September 7, 2000 (the "Class Period"), and (b) all person and entities who purchased Mpower securities in or traceable to securities offerings effective February 4, 2000, and who suffered damages as a result thereof (the "Class"). Excluded from the Class are the defendants, the officers and directors of Mpower, members of the immediate family of each of the individual defendants, any person, firm, trust, corporation or entity in which any defendant has a controlling interest, and the legal representatives, heirs, successors, predecessors in interest, affiliates or assigns of any defendant, pursuant to the Order and Final Judgment (the "Final Judgment") entered by this Court on October 1, 2003;

WHEREAS, this Court held a hearing on the fairness of the terms and conditions of the Settlement on October 1, 2003, at which time all Class members were provided with an opportunity to be heard;

WHEREAS, the Final Judgment approved the Settlement, finding, *inter alia*, that the Settlement was fair, just, reasonable and adequate to the Class and its members and that the notice

to the Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process;

WHEREAS, this Court reserved jurisdiction, without affecting the finality of the Final Judgment, over: (a) implementation of the Settlement and any award or distribution of the Gross and Net Settlement Fund, including interest earned or accrued thereon; (b) disposition of the Gross Settlement Fund and Net Settlement Fund; (c) enforcement and administration of the Stipulation including any releases in connection therewith; and (d) other maters related or ancillary to the foregoing.  Final Judgment ¶ 12;

WHEREAS, plaintiff's lead counsel ("Lead Counsel") and their professional claims administrator, The Garden City Group, Inc. ("GCG"), have now completed all steps required for the administration, review, processing and validation of claims set forth in the Stipulation, and have calculated, pursuant to the terms of the plan of allocation set forth in the Stipulation and approved by this Court, the number of valid and complete Proof of Claim forms submitted, and the total Recognized Loss (as that term is defined in the Notice of Class Action, Proposed Settlement and Hearing Thereon) for each Claimant;

WHEREAS, Lead Counsel and GCG have reported to this Court in the Affidavit of Lead Counsel in Support of Entry of Settlement Distribution Order, dated October 11, 2004, and the Affidavit of Stephen J. Cirami, Director of Securities Operations of GCG (the "Cirami Affidavit"), dated July 10, 2004, on the administration, review, processing, validation and calculation of claims, and have provided a final report listing all valid and complete claims, with the Recognized Loss for each, and all rejected claims, with the reason for each rejection;

WHEREAS, Lead Counsel has applied to this Court for approval of the distribution of the Settlement Fund pursuant to the terms and conditions of the Stipulation;

WHEREAS, Lead Counsel has applied to this Court for approval of the payment to GCG from the Settlement Fund of its fees and expenses for settlement administration, as provided in paragraphs B2 and C2 of the Stipulation;

WHEREAS, Lead Counsel has applied to this Court for approval of the payment from the Settlement Fund of their fees and reimbursement of their expenses incurred in connection with settlement administration, as provided in paragraphs B2 and C3 of the Stipulation;

WHEREAS, Lead Counsel has applied to this Court for approval from the Settlement Fund of expenses that previously were not reimbursed;

WHEREAS, this Court has duly considered all the submissions presented with respect to the foregoing,

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. This Court finds that the procedures and methods utilized in the administration of the Settlement and the review, processing, validation and calculation of claims submitted by Claimants fully complied with the notice and administration provisions and the plan of allocation set forth in paragraphs D(d)-(p) of the Stipulation and as approved by this Court.

2. This Court directs Lead Counsel to pay all taxes owed by the Settlement Fund from the Settlement Fund, including the tax incurred on interest earned by the Settlement Fund, and to continue its efforts to resolve any disputes outstanding or that may arise with the Internal Revenue Service in a manner it may determine, in its discretion, is most beneficial to the Settlement Fund.

3. This Court allows all complete and valid claims, including those filed timely and those received late, which are listed on Exhibits B and C to the Cirami Affidavit, and directs payment of Recognized Loss on a pro rata basis from the proceeds of the net Settlement Fund, after

payment of all administrative fees and expenses allowed herein and taxes due or owing, to all Claimants whose claims are listed on Exhibits B and C to the Cirami Affidavit. The checks for distribution to the Claimants shall bear the notation "CASH PROMPTLY. VOID 180 DAYS AFTER ISSUE DATE," or words of similar import.

4. This Court finds that the claims of all Claimants listed on Exhibit D to the Cirami Affidavit, which were determined to be invalid, have been given a fair and reasonable opportunity to object to and/or appeal the rejection of all or part of their claims, and directs that all claims listed on Exhibit D to the Cirami Affidavit are rejected.

5. This Court directs Lead Counsel, together with GCG, to continue administration of the Settlement pursuant to the Settlement Agreement, the Final Judgment, and this Order.

6. This Court directs Lead Counsel to attempt to locate Claimants whose distribution checks are returned or remain uncashed by telephoning Claimants at the numbers provided in the Claimants' original claim forms, if any, and, if such calls are unsuccessful in locating Claimants, to use other ordinary and reasonable means to attempt to locate Claimants, and, to the extent Claimants are located, Lead Counsel shall distribute to those Claimants where possible and appropriate.

7. This Court directs Lead Counsel to retain the balance of any undistributed funds in the Settlement Fund, the proceeds of any returned or uncashed checks or any tax refunds that may be obtained, and any interest thereon, in an account or fund as provided in the Stipulation until distribution is authorized pursuant to paragraph 11 of this Order.

8. The current request of GCG for payment of its fees and expenses incurred and expected to be incurred in administration of the Settlement of $109,509.91 is in accord with

paragraphs B2 and C2 of the Stipulation and is approved. Lead Counsel is directed to pay such amount to GCG from the Settlement Fund.

9. The current request of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") for payment of their fees of $14,149 and expenses of $550.39 incurred in the supervision and administration of the Settlement from October 1, 2003 through October 5, 2004, is in accord with paragraphs B2 and C3 of the Stipulation and is approved.

10. The current request of Lead Counsel for reimbursement of previously unreimbursed expenses of $3,084.38 from the litigation is approved.

11. Lead Counsel and/or GCG may request reimbursement from this Court of any additional fees and/or expenses incurred between October 5, 2004, and completion of the settlement administration, provided that payment for any such request shall be limited to amounts available from any remaining uncashed or returned checks, or tax refund(s) obtained (and interest thereon).

12. Checks not cashed within six months of the issuance date will be cancelled. Attempts to contact the Authorized Claimants who are the payees of cancelled checks will be made at the discretion of Plaintiffs' Lead Counsel in consultation with the Settlement Administrator. When Plaintiffs' Lead Counsel, in consultation with the Settlement Administrator, determines that no further efforts should be made to locate Authorized Claimants who have not cashed their distribution checks, the balance of the Settlement Fund may be redistributed pro rata to Authorized Claimants who have cashed their distribution checks or, if in the discretion of Plaintiffs' Lead Counsel the balance does not justify the expense of such reallocation, shall be distributed to the Park Ridge Hospital. Lead Counsel shall notify the Court of the results of this process and the action taken.

13. All persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in the Action, or otherwise involved in the administration of the

Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they have submitted claims or are to receive payment from the Settlement Fund are barred from making any further claim against the Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

14. Lead Counsel and GCG are authorized to discard paper or hard copies of the Proof of Claim forms and other materials one year after the initial distribution of the Net Settlement Fund to eligible claimants, and electronic or magnetic media data three years after the initial distribution of the Net Settlement Fund to eligible claimants.

15. This Order is final for purposes of appeal and may be appealed notwithstanding other matters presently pending, and the Clerk is hereby directed to enter judgment thereon. Certification under Rule 54(b) of the Federal Rules of Civil Procedure will not result in unnecessary appellate review nor will review of the adjudicated claims moot any further developments in this Action. Even if subsequent appeals are filed, the nature of those claims are such that the appellate court would not have to decide the same issues more than once. The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Order.

16. This Court continues to reserve jurisdiction over all matters relating to the consummation of the Settlement in accordance with the Final Judgment.

Dated: October 14, 2004

S/ Michael A. Telesca

MICHAEL A. TELESCA
UNITED STATES DISTRICT JUDGE