UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
IN RE MPOWER COMMUNICATIONS CORP.    :
SECURITIES LITIGATION                :    Civil Action No. 00-CV-6463T
                                                            :
------------------------------------------------------------x

### FINAL ORDER ON SETTLEMENT ADMINISTRATION

WHEREAS, on October 14, 2004, this Court entered a Settlement Distribution Order (the "Distribution Order"), directing plaintiff's counsel, Wolf Haldenstein Adler Freeman & Herz LLP ("Lead Counsel"), to affect distribution of the net proceeds (the "Net Settlement Fund") of the settlement (the "Settlement") of this action and otherwise administer the Settlement pursuant to the Distribution Order and the Stipulation of Settlement, dated February 6, 2003 (the "Settlement Agreement"); and

WHEREAS, pursuant to paragraph 16 of the Distribution Order, this Court retained jurisdiction of this action as to all matters relating to the consummation of the Settlement; and;

WHEREAS, Lead Counsel and The Garden City Group ("GCG") have reported on the progress of the administration of the Settlement Fund in the Affidavit of Lead Counsel Concerning Remaining Balance of Settlement Fund, dated September 8, 2005, and the Affidavit of Stephen J. Cirami of GCG Concerning Remaining Balance of Settlement Fund dated September 8, 2005; and

WHEREAS, on October 29, 2004, GCG distributed the Settlement Fund to Authorized Claimants, and issued 398 checks to Authorized Claimants in the aggregate amount of $717,349.38.

WHEREAS, Lead Counsel and GCG have used all reasonable and diligent efforts to distribute the Settlement Fund to all Class members with valid proof of claims

("Authorized Claimants") as provided in the plan of allocation set forth in the Settlement Agreement and in the Distribution Order; and

WHEREAS, Lead Counsel and the Claims Administrator have used reasonable and diligent efforts to contact those Authorized Claimants whose checks have been returned as undeliverable or remain uncashed; and

WHEREAS, as of August 29, 2005, 16 checks remain uncashed for a total of $9,006.97; and

WHEREAS, in addition, two checks were returned to GCG as undeliverable in the amount of $745.15; two checks were returned to GCG by the claimant as duplicate checks totaling $2,041.09; and two checks were returned as unwanted in the amount of $1,333.37, leaving a total of $13,126.58 remaining in the Settlement Fund; and

WHEREAS, all outstanding uncashed, undeliverable, returned and duplicate checks are stale dated with the last check becoming stale dated as of April 27, 2005.

WHEREAS, GCG has incurred $7,012.02 in unpaid fees and expenses in the administration of the Settlement Fund after October 5, 2004; and

WHEREAS, Lead Counsel has incurred $310.01 in additional expenses in the administration of the Settlement Fund after October 5, 2004; and

WHEREAS, GCG has applied to this Court for approval from the Settlement Fund of fees and expenses that previously were not reimbursed;

WHEREAS, Lead Counsel has applied to this Court for approval from the Settlement Fund of expenses that previously were not reimbursed;

WHEREAS, Lead Counsel, in connection with GCG, has determined that the balance remaining in the Settlement Fund does not justify the expense of a redistribution pro rata to the Authorized Claimants who have cashed their distribution checks; and

WHEREAS, pursuant to the Distribution Order, ¶12, the remaining balance of $5,804.55 in the Settlement Fund is to be distributed to the Park Ridge Hospital; and

WHEREAS, this Court has duly considered all submissions presented with respect to the foregoing;

GOOD CAUSE APPEARING, THE COURT HEREBY ORDERS, FINDS, CONCLUDES, ADJUDGES AND DECREES THAT:

1. Lead Counsel and GCG are found to have complied with all prior Orders of this Court with respect to the distribution of the Net Settlement Fund to Authorized Claimants and have used reasonable and diligent efforts to locate Authorized Claimants whose distribution checks have not delivered and to cause Authorized Claimants whose distribution checks have not been cashed to cash their checks. All persons involved in the review, validation, calculation or any other aspect of the processing of the claims filed in this action, or otherwise involved in the administration of the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Class members, whether or not they have submitted claims or have received payment from the Settlement Fund are barred from making any further claim against the Settlement Fund or the released persons beyond the amount paid

to them heretofore or to be paid to them pursuant to this and prior Orders entered in this litigation;

2. No further distributions to Class members shall occur in this litigation;

3. This Court finds that the claims of all Claimants listed on Exhibit A to the Cirami Affidavit are deemed invalid and rejected. These claims represent all outstanding uncashed checks which are stale dated, with the last check becoming stale dated as of April 27, 2005, and include: (i) 16 checks that remain uncashed; (ii) two checks returned to GCG as undeliverable; (iii) two checks returned to GCG as duplicate checks; (iv) and two checks returned to GCG as unwanted;

4. The current request of GCG for payment of its fees and expenses incurred in administration of the Settlement of $7,012.02 is in accord with paragraphs B2 and C2 of the Settlement Agreement, and the Distribution Order paragraph 11 and is approved. Lead Counsel is directed to pay such amount to GCG from the Settlement Fund;

5. The current request of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") for payment of their expenses of $310.01 incurred in the supervision and administration of the Settlement after October 5, 2004, is in accord with paragraphs B2 and C3 of the Settlement Agreement, and the Distribution Order paragraph 11, and is approved;

6.

       7.    Pursuant to the Distribution Order, ¶12, the remaining balance of $5,804.55 in the Settlement Fund is to be distributed in the form of a *cy pres* award to the Park Ridge Hospital, which this Court concludes is a meritorious and deserving charitable organization.

Dated: September 14, 2005

                                      S/ MICHAEL A. TELESCA
                              HONORABLE MICHAEL A. TELESCA
                              UNITED STATES DISTRICT JUDGE